Lee H. Turner, Esq. Attorney for Town of Norfolk Fire District
As attorney for the Town of Norfolk Fire District ("district") you have written stating that the Town of Norfolk ("town") "is served by an independent ambulance and rescue squad" ("ambulance service") that is about to terminate its function and that the district "would like to take over the operation of the ambulance service". You request our "opinion whether or not the * * * district could set up such an ambulance service * * * run independently from the Norfolk Volunteer Fire Department ("department"), and funded by the * * * district".
The "general ambulance service" that can be provided by a squad under General Municipal Law § 209-b is different from the "general ambulance service" that a county, city, town or village may provide or contract for under General Municipal Law § 122-b
(1976 Op Atty Gen 321, enclosed). The squad's authorization is limited as to area to be served and functions it is allowed to perform whereas the General Municipal Law § 122-b authorization for general ambulance service can be as broad as is contemplated under Public Health Law Article 30 (§§ 3000 through 3016) (1977 Op Atty Gen 256; Op St Comp 80-85, enclosed). Even when authorized to render general ambulance service, a squad has authority to act only in its service area. It is only rarely that its service area coincides with the town boundary of the town in which it is organized.
We suggest that before your district takes any steps to create a squad and authorize it to provide general ambulance service, the board of fire commissioners and the town board have a meeting to determine the type and extent of service necessary or desirable in the town. If it is service under General Municipal Law § 122-b, the district should abandon its interest and leave the matter up to the town board. On the other hand, if the section 209-b service is adequate (geographically and in terms of service) and otherwise desirable, the board of fire commissioners may proceed to create a squad in the fire department, after which, following the procedure outlined in the statute, the squad may be authorized to render the limited general ambulance service described in that section.
A squad is an adjunct to the fire fighting force and is subordinate to it (1979 Op Atty Gen 246, enclosed). Squad members must be firemen and are always subject to a call to duty as fire fighters even though their principal duty assignment is to perform rescue and first aid functions and to transport injured or ill persons to a place of treatment.
General Municipal Law § 209-b subd 3 provides:
 "Squads and persons authorized to render service pursuant to this section shall transport sick, injured or disabled persons only in vehicles owned by or under the control of a city, town, village, fire district, a fire department or a fire company unless ordered or permitted to transport such persons in other vehicles by the authorities having control of the fire department or fire company of which he is a member."
The squad would be funded by the district and cannot be run independently from the fire department or district.
Chapter 303 of the Laws of 1980 amended General Municipal Law §122-b to provide that no county, city, town, or village may enter into a contract for an ambulance service with a squad. The amendment created no new law; it emphasized the existing law, under which a squad may be organized only by and within a fire district.
In our opinion, a fire district may not create, operate or fund an ambulance service and rescue squad to perform the functions authorized by General Municipal Law § 122-b but may do so in the case of a rescue and first aid squad that performs the limited service described in General Municipal Law § 209-b. The squad so created must be run as part of, not independently of, the fire department.